FILED

APR 1 3 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
       DEPUTY CLERK

United States District Court
Eastern District of California
U.S. District Judge. Morrison, c
England JR.
signed. Mr. M........gn.
                              THE DUET
2:19-cv-01881

Mr. Maurice Miles SR.          Civil Complaint for
        Plaintiff              Damages; violation of
                               Procedural and
        V.                     Substantial due..:)
                               Process, 1st 4th 8th
C.S.P SACRAMENTO               5th 6th and 14th
CORRECTIONAL COPs              Amendment.:)
SACRAMENT SHERIFF              (violations seizure
DEPUTIES)                      of Property;
C/o G Agilar                   DELIBERATE indifference,
C/o C Baser                    Deprivation of a
C/o G Coffman                  Protected Right
C/o D Garland                  Liberty interest
C/o A. Moore                   seek Declaratory
C/o Hana                       injunctive..:) Relief
SHERIFF D. Rouse               Demand for jury
SHERIFF A. Henness             Trial. 42 USC
SHERIFF Ruebinoff, eL Al.      Section so 1983
        defendant(s)
                               Amended Complaint
                               Discovery F.R.
                               2.50.1:2.50.2 2.50.3
                                      250.4

(1)    This is a civil Rights complaint,
for violations of the 1st 4th 5th 6th 8th and
14th Amendment of the United States
Constitution. And Authorized by 42 USC
sec sss 1983 To seek Redress for the
Redress of Deprivations of Rights
fundamental To Personal and freedoms;

(1)

1  And deprivation: under color virue
2  and pretense of STATE Law, statutes,
3  ordinances, customs or usages, of
4  Rights, privileges, And/or immunities
5  secured by the united state
6  Constitution or by Acts of Congress
7  providing for EQUAL Rights of
8  Citizens within the united state,
9  Jurisdiction is Based upon 28 USC
10 §§ 1331 and 1343 the court Also Has
11 pendent jurisdiction over the STATE Law
12 Claims pursuant To 28 USC § 1367,
13
14
15 Plaintiff seek: monetary Damages, and
16 DECLARATARY Relief pursuant To 28 U.S.C.
17 §§ 2201 And 2202, The unlawful Acts
18 and practices Alleged Herein occurred
19 primarily judicial district, and the
20 Majority of the defendents Reside
21 within this district pursuant To, U.S.C
22 §§ 1391(b),
23 Plaintiff Request A jury Trial on
24 these Allegations, The Eastern District
25 of California is An appropriate Venue,
26 under 28 U.S.C §§ 1391(b)(2), Because
27 it is where the events giving Rise To
28

(2)

To ▓▓▓▓ WHERE THIS CLAIM OCCURRED

THERE CAN BE NO DOUBT THAT
CONGRESS COULD CREATE A FEDERAL
CAUSE OF ACTION FOR DAMAGES FOR
AN UNREASONABLE SEARCH IN VIOLATION
OF THE FOURTH AMENDMENT.

CONGRESS HAS ALREADY CREATED SUCH
A FEDERAL CAUSE OF ACTION AGAINST
STATE OFFICIALS ACTION UNDER
COLOR OF STATE LAW.

"Action or Suit" §§2

CIVIL LIBERTY—PROTECTION OF LAWS

THE ESSENCE OF CIVIL LIBERTY CONSISTS
IN THE RIGHT OF EVERY INDIVIDUAL TO
CLAIM THE PROTECTION OF THE LAWS
WHENEVER HE RECIEVES AN INJURY   SEE
Bell V. Hood 327 V.S. 678 (1946)
Olmstead V. United States 277 V.S 438
469, 471. (1928), Wolf V. Colorado.
338 V.S. 25, 47, 48 (1949)
Johnson V. United States 228, V.S. 457, 458
(1913).

(3)

1  "Only By Exclusion can we
2  impress upon the "Zealous Prosecutor(s)"
3  that violation of the Constitution will
4  Do him no good and only when that
5  point is driven home can the
6  Prosecutor be expected to emphasize
7  the importance of observing the
8
9
10  Constitutional demands in his
11  instruction to the Police.
12
13      "Every person who under color
14  of any statute, ordinace, Regulation,
15  Custom or usage of any state or
16  Territory, subjects or cause to be
17  subjected, any Citizen of the U.S.
18  or other person within the jurisdiction
19  thereof to the deprivation of any
20  Right's, privileges, or immunities
21  secured by the Constitution and Law's,
22  shall be liable to the party injured
23  in an action at Law, suit in equity,
24  or other proper proceeding for
25  Redress Rev stat's 1979 42 U.S.C
26  § 1983
27
28

(4)

1  SEE 28 USC $\S$ 1367(C)(3)

2  United MINE WORKERs of AM V. Gibb;

3  383 V.S. 715, 726 16 L.Ed. 2d 218, 86 S.Ct.

4  1130 (1966); Executive SoFTWARE NORTH

5  AMERICA, Inc. V. U.S. DisT. COURT 24 f 3d

6  1545, 1556-57 (9TH CIR 1994).

8  THE FOURTH AMENDMENT PROVIDES THAT:

9

10

11  "THE RIGHT of THE PEOPLE TO BE SECURE

12  in THEIR PERSONS, HOUSES, PAPERs and

13  EFFECTs AGAINST UNREASONABLE SEARCHES

14  And SEIZURES, SHALL not BE VIOLATED...

15

16  AMOS V. United STATES, 255 V.S. 313, 317, (1921);

17  United STATES V. Classic, 313 U.S. 299, 326 (1941)

18  KATZ V. United STATEs, 389 U.S. 347 (1967)

19  BERGER V. NEW YORK, 388 U.S. 41 (1967)

20  BYAR V United STATES, SUPRA; WEEKs V.

21  United STATES SUPRA; In Re AYERs, 123 U.S.

22  443, 507 (1887). In RE NEAGLE 135 U.S. 1 (1890)

23  BOILERMAKERs V. HARDENMAN; 401 U.S. 233, 241

24  (1971), United STATES V. STANdARd oil Co.,

25  332 V.S. 301, 311 (1947); United STATE V. Gilman,

26  347 V.S. 507 (1954); EntiCK V. CARRington 19

27  How St TT. 1029, 95 Eng Rep. 807 (1765)

28  TEXTILE WORKERs V. Lincoln Mills, 353 U.S.

(5)

Submission: 4-9-2020
Sign

1  U.S 448, 460. SWANN V. CHARLOTTE-
2  MECKLENBURG BOARD OF EDUCATION 401
3  U.S. 1 (1971) MAPP V. OHIO, 367 U.S. 643
4  (1961) MONROE V. PAPE, 365 U.S. 167, 195
5  (1961).
6
7
8        WHEREFORE RELIEF is GRANTED:
9
10  (1). To GRANT MONETARY DAMAGES in THE
11  SUM AMOUNT of 10 MILLION DOLLARS.
12  (2). To GRANT APPOINTED COUNSEL FOR
13  PLAINTIFF
14  (3). To GRANT FOR DEFENDANT(S) TO PAY
15  COST of SUITS AND ATTY FEES
16  (4). To GRANT AN PRELIMINARY INJUNCTION
17  TO FORWARD AN DUPLICATION COPY of
18  THE GOVERNMENT TRANSCRIPT TO
19  PLAINTIFF FOR THE PROSECUTION
20  (5). To GRANT AN DECLARATORY JUDGEMENT
21  AND DAMAGE RELIEF.
22  (6). To GRANT ACTUAL DAMAGES
23  (7). To GRANT FOR PLAINTIFF TO TAKE
24  ALL IN THESE ILLEGAL ACTIONS
25  (8) To GRANT ANY OTHER RELIEF THE
26  COURT DEEMS PROPER.
27
28
              Sign Nhin Nhin, Jr.
       (6)

1  CHRISTINE M. CICCOTTI
   Deputy Director/Chief Counsel
2  SEAN MARK RASHKIS, SBN 232533
   Assistant Chief Counsel
3  DEPARTMENT OF STATE HOSPITALS
   Legal Division
4  1600 9th Street, Room 435
   Sacramento, CA 95814
5  Telephone: (916) 654-2319
   Facsimile: (916) 651-3852
6  Email: SacLegal1370@dsh.ca.gov

7  Attorneys for the Department of
   State Hospitals

8

9           **BEFORE THE OFFICE OF ADMINISTRATIVE HEARINGS**

10               **FOR THE STATE OF CALIFORNIA**

11

| In the Matter of: | Case No. |
|---|---|
| **MAURICE MILES,** | **NOTICE OF PETITION FOR AN ORDER TO COMPEL INVOLUNTARY TREATMENT WITH ANTIPSYCHOTIC MEDICATION Penal Code section 1370** |
| **An Adult Patient at Department of State Hospitals-Atascadero.** | **Date:** April 10, 2020 |
| | **Time:** 1:30 p.m. |
| | **Hearing Location:** Department of State Hospitals-Atascadero, NTA Room 32, 10333 El Camino Real, Atascadero |
| | **Public Location:** Department of State Hospitals-Atascadero, Lobby, Public Hearing Room 140, 10333 El Camino Real, Atascadero |

22  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

23      **NOTICE IS HEREBY GIVEN** that Department of State Hospitals-Atascadero has filed

24  a Petition for an Order to Compel Involuntary Treatment with Antipsychotic Medication for the

25  above-captioned patient. A hearing will be held on the above-captioned date, time, and location.

26      You are advised that other hearings have been set for the same date and this matter may

27  trail other hearings such that it will begin once the preceding hearing in order has been completed.

28                                          1

1  The Court has appointed Michele Shaddow to represent you in this matter.

2      All persons are notified to appear and show cause, if any they have, why the orders prayed

3  for should not be granted.

4      **NOTICE IS ALSO GIVEN** that you have a right to personally appear at the hereby

5  noticed hearing, but should you choose to waive this right, you will be represented by your

6  attorney of record and the hearing will be held without you and orders affecting you may be

7  issued. This means that the hearing will be held whether or not you choose to come to court.

8

9  Date: April 8, 2020                                    Respectfully submitted,

10                                                          CHRISTINE M. CICCOTTI
                                                             Deputy Director/Chief Counsel

11

12

13                                                  By

14                                                          SEAN MARK RASHKIS
                                                             Attorney for Petitioner

15  Rev: 1/30/19

16

17

18

19

20

21

22

23

24

25

26

27

28                                              2

1   CHRISTINE M. CICCOTTI
    Deputy Director/Chief Counsel
2   SEAN MARK RASHKIS, SBN 232533
    Assistant Chief Counsel
3   DEPARTMENT OF STATE HOSPITALS
    Legal Division
4   1600 9th Street, Room 435
    Sacramento, CA 95814
5   Telephone: (916) 654-2319
    Facsimile: (916) 651-3852
6   Email: SacLegal1370@dsh.ca.gov

7   Attorneys for Petitioner
    Department of State Hospitals

8

9

10              **BEFORE THE OFFICE OF ADMINISTRATIVE HEARINGS**

11                   **FOR THE STATE OF CALIFORNIA**

12

13  **In the Matter of:**                    Case No.

14  **MAURICE MILES,**                       **PETITION FOR AN ORDER TO**
                                             **COMPEL INVOLUNTARY**
15  **An Adult Patient at Department of State**   **TREATMENT WITH**
    **Hospitals-Atascadero**                 **ANTIPSYCHOTIC MEDICATION**
16                                           **Penal Code section 1370**

17

18

19          Petitioner, pursuant to Penal Code section 1370, is required to seek a court order

20  allowing involuntary treatment with antipsychotic medication for the above-named individual

21  (Patient), who has been determined to be incompetent to stand trial. A defendant adjudged

22  incompetent to stand trial (IST) maybe compelled to take medication if the Administrative Law

23  Judge finds either: (1) the individual lacks the capacity to make decisions regarding antipsychotic

24  medication and if their mental disorder is not treated, serious harm to their physical or mental

25  health is the probable result, or (2) the individual is a danger to others. (Pen. Code, §1370,

26  subd. (a)(2)(B)(i)(II).)

27          Petitioner submits the attached certification by the treating psychiatrist describing

28  the basis for the psychiatrist's contention that it is medically necessary and appropriate

                                                1

1   CHRISTINE M. CICCOTTI
    Deputy Director/Chief Counsel
2   SEAN MARK RASHKIS, SBN 232533
    Assistant Chief Counsel
3   DEPARTMENT OF STATE HOSPITALS
    Legal Division
4   1600 9th Street, Room 435
    Sacramento, CA 95814
5   Telephone: (916) 654-2319
    Facsimile: (916) 651-3852
6   Email: SacLegal1370@dsh.ca.gov

7   Attorneys for the Department of
    State Hospitals

8

9              **BEFORE THE OFFICE OF ADMINISTRATIVE HEARINGS**

10                    **FOR THE STATE OF CALIFORNIA**

11

12   | In the Matter of: | Case No. |
     |---|---|
13   | | **NOTICE OF PETITION FOR AN ORDER** |
14   | **MAURICE MILES,** | **TO COMPEL INVOLUNTARY** |
     | | **TREATMENT WITH ANTIPSYCHOTIC** |
15   | **An Adult Patient at Department of State** | **MEDICATION Penal Code section 1370** |
     | **Hospitals-Atascadero.** | |
16   | | **Date:** April 10, 2020 |
17   | | **Time:** 1:30 p.m. |
18   | | **Hearing Location:** Department of State |
     | | Hospitals-Atascadero, NTA Room 32, 10333 |
19   | | El Camino Real, Atascadero |
20   | | **Public Location:** Department of State |
     | | Hospitals-Atascadero, Lobby, Public Hearing |
21   | | Room 140, 10333 El Camino Real, Atascadero |

22   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

23          **NOTICE IS HEREBY GIVEN** that Department of State Hospitals-Atascadero has filed

24   a Petition for an Order to Compel Involuntary Treatment with Antipsychotic Medication for the

25   above-captioned patient. A hearing will be held on the above-captioned date, time, and location.

26          You are advised that other hearings have been set for the same date and this matter may

27   trail other hearings such that it will begin once the preceding hearing in order has been completed.

28                                                  1
     _____
     Notice of Petition for An Order to Compel Involuntary Medication with Antipsychotic Medication

1    The Court has appointed Michele Shaddow to represent you in this matter.

2         All persons are notified to appear and show cause, if any they have, why the orders prayed

3    for should not be granted.

4         **NOTICE IS ALSO GIVEN** that you have a right to personally appear at the hereby

5    noticed hearing, but should you choose to waive this right, you will be represented by your

6    attorney of record and the hearing will be held without you and orders affecting you may be

7    issued. This means that the hearing will be held whether or not you choose to come to court.

8

9    Date: April 8, 2020                          Respectfully submitted,

10                                                 CHRISTINE M. CICCOTTI
                                                   Deputy Director/Chief Counsel
11

12

13                                       By _____
                                               SEAN MARK RASHKIS
14                                             Attorney for Petitioner

15   Rev: 1/30/19

16

17

18

19

20

21

22

23

24

25

26

27

28                                          2

1    CHRISTINE M. CICCOTTI
     Deputy Director/Chief Counsel
2    SEAN MARK RASHKIS, SBN 232533
     Assistant Chief Counsel
3    DEPARTMENT OF STATE HOSPITALS
     Legal Division
4    1600 9th Street, Room 435
     Sacramento, CA 95814
5    Telephone: (916) 654-2319
     Facsimile: (916) 651-3852
6    Email: SacLegal1370@dsh.ca.gov

7    Attorneys for Petitioner
     Department of State Hospitals

8

9

10              **BEFORE THE OFFICE OF ADMINISTRATIVE HEARINGS**

11                     **FOR THE STATE OF CALIFORNIA**

12

13    **In the Matter of:**                    **Case No.**

14    **MAURICE MILES,**                       **PETITION FOR AN ORDER TO**
                                               **COMPEL INVOLUNTARY**
15    **An Adult Patient at Department of State**    **TREATMENT WITH**
      **Hospitals-Atascadero**                 **ANTIPSYCHOTIC MEDICATION**
16                                             **Penal Code section 1370**

17

18

19          Petitioner, pursuant to Penal Code section 1370, is required to seek a court order

20    allowing involuntary treatment with antipsychotic medication for the above-named individual

21    (Patient), who has been determined to be incompetent to stand trial. A defendant adjudged

22    incompetent to stand trial (IST) maybe compelled to take medication if the Administrative Law

23    Judge finds either: (1) the individual lacks the capacity to make decisions regarding antipsychotic

24    medication and if their mental disorder is not treated, serious harm to their physical or mental

25    health is the probable result, or (2) the individual is a danger to others. (Pen. Code, §1370,

26    subd. (a)(2)(B)(i)(II).)

27          Petitioner submits the attached certification by the treating psychiatrist describing

28    the basis for the psychiatrist's contention that it is medically necessary and appropriate

                                            1

1  to administer antipsychotic medication to this individual. This certification is provided

2  pursuant to Penal Code section 1370, subdivision (a)(2)(D).

3      Patient requires administration of antipsychotic medication based on the facts set

4  out in the attached Certification (Exhibit A) either:

5  1)    The individual lacks capacity to make decisions regarding antipsychotic medication,

6        the individual's mental disorder requires medical treatment with antipsychotic

7        medication and without treatment with antipsychotic medication, and it is probable

8        that serious harm to their physical or mental health will result. (Pen. Code, §1370,

9        subd. (a)(2)(B)(i)(I).)

10  and /or,

11  2)    The individual is a danger to others, in that they have inflicted, attempted to inflict, or

12        made a serious threat of inflicting substantial physical harm on another while in custody,

13        or that resulted in his or her being taken into custody, and the defendant presents, as a

14        result of a mental disorder or mental defect, a demonstrated danger of inflicting

15        substantial physical harm on others. (Pen. Code, §1370, subd. (a)(2)(B)(i)(II).)

16        WHEREFORE, Petitioner prays that a hearing be held, and an order issued:

17  1)    Appointing counsel to represent Maurice Miles with regard to this petition;

18  2)    Authorizing the Department of State Hospitals to administer appropriate

19  involuntary antipsychotic medications to Maurice Miles in the dosage and for the frequency

20  deemed medically necessary by petitioner's clinical treatment staff for a

21  period-of-time not to exceed 21 days from April 8, 2020.

22      Date: April 8, 2020                    Respectfully submitted,

23                                          CHRISTINE M. CICCOTTI
                                            Deputy Director/Chief Counsel
24

25                                          By _____
26                                              SEAN MARK RASHKIS
                                                Attorney for Petitioner
27

28

2

Rev. 5/14/18

BEFORE THE OFFICE OF ADMINISTRATIVE HEARINGS

FOR THE STATE OF CALIFORNIA

| In the Matter of: | Case No. |
|---|---|
| **MAURICE MILES,** | **ORDER SETTING HEARING AND APPOINTING COUNSEL** |
| **An Adult Patient at Department of State Hospitals- Atascadero.** | |

IT IS HEREBY ORDERED that a hearing for involuntary medication is set for

**April 10, 2020, at 1:30 p.m.** at the following Department of State Hospitals ("DSH") location:

Public Hearing Room 140, 10333 El Camino Real, Atascadero

IT IS FURTHER ORDERED THAT Michele Shaddow Attorney at law, shall represent

patient.

Dated:

_____
ADMINISTRATIVE LAW JUDGE

3

1370 Petition

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A

4

State of California
Health and Human Services Agency
Department of State Hospitals
Rev. 1/12/2016



## CERTIFICATION FOR INVOLUNTARY MEDICATION

### Pursuant to Penal Code section 1370, subdivision (a)(2)(C)

This Certification is a request for authorization to involuntarily administer antipsychotic medication to Mr. Maurice Miles, a person committed to Atascadero State Hospital, pursuant to Penal Code section 1370. Mr. Maurice Miles  (check one box)

<table>
<tr><td>X</td><td>Currently does not have a court order authorizing the involuntary administration of antipsychotic medication.</td></tr>
<tr><td></td><td>Currently has a court order authorizing involuntary administration of antipsychotic medication which expires on  , and I seek a renewal of the current order.</td></tr>
</table>

As the treating psychiatrist, or the Medical Director's designee to act in the place of the treating psychiatrist, I have determined that antipsychotic medication is medically necessary and appropriate; I have made efforts to obtain informed consent from the patient; however, informed consent was not obtained, and the patient lacks the capacity to refuse antipsychotic medications.

## I.   PATIENT IDENTIFICATION DATA

| Name: | Miles, Maurice | Admission Date: | 02/12/2020 |
|---|---|---|---|
| DOB: | 01/24/1980 | Maximum Commitment Date: | 11/08/2021 |

## II.   CURRENT DIAGNOSIS

| Diagnosis | Description |
|---|---|
| Schizophrenia | |
| Antisocial Personality Disorder | |
| Phencyclidine Use Disorder | |
| Cannabis Use Disorder | |
| Increased BMI | |
| 40    Current Global Assessment of Functioning | |

| CONFIDENTIAL PATIENT INFORMATION See Welfare and Institutions Code section 5328. | DSH PSYCHIATRIC CERTIFICATION FOR INVOLUNTARY MEDICATION PURSUANT TO Penal Code section 1370, subdivision (a)(2)(C). Page 1 | NAME:    Miles, Maurice PATIENT #: 071594-6 PROGRAM: I UNIT:    21 |
|---|---|---|

State of California
Health and Human Services Agency
Department of State Hospitals
Rev: 1/12/2018



**Diagnostic Rationale:** Mr. Miles presents with symptoms of paranoid delusions, where he believes there is a conspiracy against him involving the police and the judicial system, and that because of this he has been wrongfully accused. He believes that individuals are tampering with his evidence, stealing his documents, and are altering surveillance tapes in order to assure that he does not win his $15 million lawsuit, and that he is convicted of the charges against him. Patient denies having a mental illness. He states he does not need medication. He has been fighting his current charges for four years and continues to be adamant that he is innocent and will continue to fight. Patient lacks insight and his delusions are to a point where they are impeding his ability to function and resolve his current status. His symptoms have been for an unknown period of time, as patient gives little past psychiatric history, but they are consistent with Schizophrenia. Patient also carries a diagnosis of Antisocial Personality Disorder. Patient essentially has been incarcerated since age 17, when he was placed in California Youth Authority (CYA) for armed robbery. He was released from CYA and immediately was placed in prison for assault. Patient was out briefly for a period of time during 2008 and 2009, but was incarcerated for parole violation for felon in possession of gun which led to his current prison term, and he has now been extended because of his current charges. Patient also has been an active member of the Crips since he was a juvenile. He meets criteria for Conduct Disorder, as he dropped out of school in 6th grade.In order to join the gang and run the streets. He has been involved in drug use since age 11, with PCP, Cannabis, and alcohol. The patient was given use disorders, severe, for PCP and cannabis, as he used these on a daily basis for cannabis, and at least once or twice a day for PCP from age 11 up to the time of arrest.

## III.   MENTAL STATUS AND HISTORY

### A. Current Mental Status:

Mr. Miles is a young male who appears his stated age. His hygiene is fair. His attitude during the evaluation is semi cooperative. Psychomotor activity was within normal limits. His speech was normal for rate and volume, but he was hyperverbal and would speak over the evaluator. His mood was irritable, with full-range affect. His thought process was linear but would quickly become overinclusive and at times perseverative. Content was negative for suicidal/homicidal ideation. Patient had paranoid delusions, as noted above. Cognitive function was average.

### B. Psychiatric History:

Little psychiatric history is known about Mr. Miles, as he minimizes or denies having mental illness. He did report he was hospitalized at UC Davis for a brief period of time. He initially stayed at the Psychiatric Unit, but he denied this and stated he was just in there because officers

| CONFIDENTIAL PATIENT INFORMATION See Welfare and Institutions Code section 5328. | DSH PSYCHIATRIC CERTIFICATION FOR INVOLUNTARY MEDICATION PURSUANT TO Penal Code section 1370, subdivision (a)(2)(C). Page 2 | NAME:        Miles, Maurice PATIENT #: 071594-6 PROGRAM: I UNIT:        21 |

State of California
Health and Human Services Agency
Department of State Hospitals
Rev. 1/12/2016



attempted to beat him to death. He denies any WIC 5150s or psychiatric hospitalizations in the community. Denies ever being on psychiatric medications. He then did state they gave him a shot when he was hospitalized in 2015 but did not know what it was. Patient had difficulty resolving his current legal charges of four counts of battery on correctional officers, as in the past four years he has been adamant that he is innocent and that there is a conspiracy against him, and that his documents are either being destroyed or removed, and that information is being altered including video tapes, and that witnesses are being coerced so that they will not speak on his behalf or falsify their statements.

Mr. Miles had forensic evaluation for competency done by Eugene Roeder, PhD, who found Mr. Miles incompetent to stand trial. Excerpts from his report note the following as evidence of mental illness; Mr. Miles states that those "crazy deceitful deputies are out to get" him. They are "criminal agents." He indicates that he was beaten like Rodney King and that he is an innocent person who was wrongly charged. He states officer testified he was not in possession of a gun; however, he said, "I was a felon and they planted the gun. Total lies." He stated, "They are illegally tampering with my documents. They stole my stuff. My personal papers. They said it was lost or confiscated. All my stuff, CDs, brand new clothes. They stole it. I was accused of assaulting a deputy. I was attacked cause of filing grievances" he said. He states he was leaving he law library. There was surveillance footage that showed how deputies walked out of Building 8 with his documents, documents he sent to the United States Supreme Court that he filed for a $15 million lawsuit against them. He said there was trickery going on in his case. They coerced witnesses, participating in the case. He further indicated some individuals who would not cooperate were in jail as well. They were told that they would not be released until they cooperated. He stated there were secret meetings. He read a transcript and there were vindictive prosecutors involved; therefore, the surveillance footage was tampered with so that it would not show him leaving the law library, which he believes was intentionally destruction of evidence that would prove his innocence. He reports that once he entered the building he was attacked. His legal documents were slapped out of his hand. He was slammed up against the wall and his lips were busted. He turned around in self-defense, as he did not know who he was being attacked by. He believed he was being attacked by other inmates. He indicates they almost beat him to death. He did not recall being transported by ambulance; however, he did remember walking into UCLA Davis Hospital with his "busted left nut."

---

IV.    CRITERIA FOR INVOLUNTARY MEDICATIONS:

   A.  It is my opinion that the patient lacks capacity to consent to medication, as delineated in Penal Code section 1370, subdivision (a)(2)(B)(i)(I) because:

| CONFIDENTIAL PATIENT INFORMATION See Welfare and Institutions Code section 5328. | DSH PSYCHIATRIC CERTIFICATION FOR INVOLUNTARY MEDICATION PURSUANT TO Penal Code section 1370, subdivision (a)(2)(C). | NAME:    Miles, Maurice PATIENT #: 071594-6 PROGRAM: I UNIT:    21 |
|---|---|---|

Page 3

State of California
Health and Human Services Agency
Department of State Hospitals
Rev. 1/12/2016



1. The patient lacks capacity to make decisions regarding antipsychotic medication as evidenced by:

Mr. Miles lacks capacity, as he denies having a mental illness or need for medication. Attempts to educate Mr. Miles about his need for medication are futile, as he has no ability to change his perception, as it is altered by his paranoid delusions about his belief that there is a conspiracy against him on both his current charges, as well as his lawsuit for $15 million against the government. When the patient is educated on the rationale and the risks and benefits of antipsychotic medications, he laughs with a dismissive edge and then stares coldly while stating "there's nothing wrong with me, it's y'all that got problems". He states when he was arrested in 2012 he was beaten like Rodney King, and that he almost died and that the police shot at him. While on his initial unit, patient continued his paranoid rants, became increasingly anxious and angry about his property, perseverating, asking multiple staff when he was going to obtain his property. He has also stopped every officer that comes on the unit, wanting to know where his property is.  He became increasingly fixated on his Social Worker and voiced paranoid delusions that his Social Worker and Unit Supervisor had conspired to put rat urine and feces in his property to tamper with his $15 million lawsuit.  On 3/12/2020 he made cold threats to harm a Social Worker and was agitated and deemed to be an imminent danger of harm and required restrain in Wrist Restraint and Posey Belt.  Due to his dangerousness and paranoid fixation on the Unit 12 Social Worker, the unusual step was taken to transfer him to Unit 21 for the safety of Unit 12 staff.  Since having an initial involuntary medication order granted on 3/20/2020, Mr. Miles has taken his prescribed medication but has continued to state to unit staff and to writer that he does not think he has a mental illness, does not think there is any possible benefit to medication, and that without the involuntary order he would not be taking the medication. He has continued to voice prominent paranoid thoughts including that hospital staff is involved in a conspiracy to impede his lawsuits against the government.

### AND

2. The patient's mental disorder requires medical treatment with antipsychotic medication, as evidenced by:

The patient suffers from severe paranoid and persecutory delusions about conspiracy against him involving his charges and his lawsuit. For example, Mr. Miles presents with symptoms of paranoid delusions, where he believes there is a conspiracy against him involving the police and the judicial system, and that because of this he has been wrongfully accused. He believes that individuals are tampering with his evidence, stealing his documents, and are altering surveillance tapes in order to assure that he does not win his $15 million lawsuit.  He further

| CONFIDENTIAL PATIENT INFORMATION See Welfare and Institutions Code section 5328. | DSH PSYCHIATRIC CERTIFICATION FOR INVOLUNTARY MEDICATION PURSUANT TO Penal Code section 1370, subdivision (a)(2)(C). Page 4 | NAME:   Miles, Maurice PATIENT #: 071594-6 PROGRAM: I UNIT:   21 |
|---|---|---|

State of California
Health and Human Services Agency
Department of State Hospitals
Rev; 1/12/2016



believes that his Social Worker and Unit Supervisor on Unit 12 had conspired to put rat urine and feces in his proper to tamper with his $15 million lawsuit.

Mr. Miles suffers from Schizophrenia and left untreated over time this leads to cognitive impairment and eventually dementia. He is currently suffering significant emotional distress from his delusions of conspiracies which continue to intensify his anger and rage and significantly impair his interpersonal relationships, as evidenced by his recently requiring physical restraint in a Wrist Restrain and Posey Belt to maintain safety. He continually is perseverating on his paranoid delusion and it dominates his conversations with evaluators and treatment team. If the patient's paranoid and persecutory delusions remain untreated, the patient is at risk for impulsively and aggressively acting out in a violent manner, and requiring further placement in physical restraints, as patient continues to believe that individuals are against him, including staff. In late March and early April he has continued to make threatening remarks to staff e.g, "you're targeting me ... you better stop provoking me or I'm going to lose my cool".

**AND**

3. If the patient's mental disorder is not treated with antipsychotic medication, it is probable that serious harm to the physical or mental health of the patient will result.   Probability of serious harm to the physical or mental health of the defendant requires evidence that;.

   (a) The patient is presently suffering adverse effects to his or her physical or mental health as evidenced by:

Mr. Miles suffers from Schizophrenia and left untreated over time this leads to cognitive impairment and eventually dementia. Also, patient's psychiatric distress from his delusions of conspiracies also continue to intensify his anger and rage, and he continually is perseverating on this subject and it dominates his conversations with evaluators and treatment team, as evidenced by his recently requiring physical restraint in a Wrist Restrain and Posey Belt to maintain safety. If the patient's paranoid and persecutory delusions remain untreated, the patient is at risk for impulsively and aggressively acting out in a violent manner, as patient continues to believe that individuals are against him, including staff.

**AND/OR**

| CONFIDENTIAL PATIENT INFORMATION See Welfare and Institutions Code section 5328. | DSH PSYCHIATRIC CERTIFICATION FOR INVOLUNTARY MEDICATION PURSUANT TO Penal Code section 1370, subdivision (a)(2)(C). | NAME:      Miles, Maurice PATIENT #: 071594-6. PROGRAM: I UNIT:      21 |
| --- | --- | --- |
| | Page 5 | |

State of California
Health and Human Services Agency
Department of State Hospitals
Rev. 1/12/2016



(b) The patient has previously suffered these effects as a result of a mental disorder and his or her condition is substantially deteriorating as evidenced by:

| Not Applicable |
|---|

B.  It is my opinion that the patient is a danger to others as delineated in Penal Code section 1370 subdivision (a)(2)(B)(i)(II) because:

    1.    (a) The patient has inflicted, attempted to inflict, or made a serious threat of inflicting substantial physical harm on another while in custody as evidenced by:

| During the initial interview he repeatedly asked if we were secret agents, and he believed we could possibly be working for the government as part of his conspiracy. On 3/12/2020 he made cold threats to harm a Social Worker and was agitated and deemed to be an imminent danger of harm and required restrain in Wrist Restraint and Posey Belt. Due to his dangerousness and paranoid fixation on the Unit 12 Social Worker the unusual step was taken to transfer him to Unit 21 for the safety of Unit 12 staff. In late March and early April he has continued to make threatening remarks to staff e.g. "you're targeting me ... you better stop provoking me or I'm going to lose my cool". |
|---|

### AND/OR

(b) The patient had inflicted, attempted to inflict, or made a serious threat of inflicting substantial physical harm on another that resulted in his/her being taken into custody as evidenced by:

| The patient's controlling offense, where he is now being charged with four counts of battery on four different officers, all felonies, and one charge of possession of an inmate-manufactured stabbing weapon, which occurred on May 17, 2016. Patient also has priors in 1997 of being convicted of robbery with use of a weapon, as well as a felon in possession of a weapon, year unknown. |
|---|

### AND

| CONFIDENTIAL PATIENT INFORMATION See Welfare and Institutions Code section 5328. | DSH PSYCHIATRIC CERTIFICATION FOR INVOLUNTARY MEDICATION PURSUANT TO Penal Code section 1370, subdivision (a)(2)(C). Page 6 | NAME:    Miles, Maurice PATIENT #: 071594-6 PROGRAM: I UNIT:    21 |
|---|---|---|

State of California
Health and Human Services Agency
Department of State Hospitals
Rev. 1/12/2016



2.    The patient presents, as a result of mental disorder or mental defect, a
demonstrated danger of inflicting substantial physical harm on others as
evidenced by:

Patient suffers from mental illness with paranoid and persecutory delusions, and he has reacted
impulsively when confronted, which resulted in his current charges of battery on four officers.
If his paranoid and persecutory delusions remain untreated and if patient has similar situations
occur, he is at risk for impulsively and aggressively acting out in a violent manner, as he
continues to believe that individuals are against him, including staff. During the initial interview
he repeatedly asked if we were secret agents, and he believed we could possibly be working
for the government as part of his conspiracy.   He was placed into physical restraints on
03/12/2020 for agitation and threatening hospital staff based on his paranoid delusions.

V.    MEDICAL RECOMMENDATION:

It is my opinion that antipsychotic medication(s) recommended is medically necessary
and appropriate because:

Mr. Miles lacks capacity to make informed decisions and weigh the risks and benefits of
treatment, and also presents a danger because of his untreated paranoid delusions, which
result in his belief of a conspiracy against him by both correctional officers, the judicial system,
and now hospital staff members on the unit as well. His belief system is fixated and will not be
altered unless he is treated with antipsychotic medication.

Based on the forgoing, it is my professional opinion that Mr. Maurice Miles requires court ordered
involuntary medication.  I have personal knowledge of the foregoing facts and would so
competently testify if called as a witness to these proceedings.

I declare under penalty of perjury under the laws of the state of California that the foregoing is
true and correct. Executed at Atascadero, California.

| Matthew Kilthau, M.D. | | 04/08/2020 | 1330 |
|---|---|---|---|
| Printed Name | Signature | Date | Time |

| CONFIDENTIAL PATIENT INFORMATION See Welfare and Institutions Code section 5328. | DSH PSYCHIATRIC CERTIFICATION FOR INVOLUNTARY MEDICATION PURSUANT TO Penal Code section 1370, subdivision (a)(2)(C). Page 7 | NAME:    Miles, Maurice PATIENT #: 071594-6 PROGRAM: I UNIT:.    21 |
|---|---|---|