UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE MILES, SR., | No. 2:19-cv-01881-MCE-CKD P |
| Plaintiff, | |
| v. | ORDER |
| DANIEL GARLAND, et al., | |
| Defendants. | |

Plaintiff is a state prisoner currently confined at Atascadero State Hospital who is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's second amended complaint is now before the court.[1]

**I.      Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1] Plaintiff filed a first amended complaint on March 10, 2020 using the prison mailbox rule. ECF No. 23; see also Houston v. Lack, 487 U.S. 266 (1988). However, before the court could screen this complaint, plaintiff filed a second amended complaint. ECF No. 24. Because the second amended complaint supersedes the first amended complaint filed on March 10, 2020, the court will proceed to screen the second amended complaint.

1

1   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

2   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

3          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

5   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

9   Cir. 1989); Franklin, 745 F.2d at 1227.

10         A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

11  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

12  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

13  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

14  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

15  this standard, the court must accept as true the allegations of the complaint in question, Hospital

16  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

17  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

18  McKeithen, 395 U.S. 411, 421 (1969).

19       **II.     Second Amended Complaint**

20         Plaintiff's second amended complaint alleges that excessive force was used against him

21  while at California State Prison-Sacramento ("CSP-Sac") in 2016 and that this continued while he

22  was incarcerated at the Sacramento County Jail on unspecified dates.  Sacramento County Jail

23  Deputy Ruebinoff allegedly shot plaintiff with a Taser gun on an unspecified date.  Plaintiff

24  further alleges that his legal mail was illegally seized and destroyed by prison and jail officials.

25  Plaintiff names the Warden of CSP-Sac and unnamed officers of the California Department of

26  Corrections and Rehabilitation as defendants in this action, but he does not specify how each

27  defendant was involved in any of the alleged constitutional violations.

28         In a separate pleading labeled as an "Appendix," plaintiff raises an unspecified Fourth

Amendment violation and lists twenty-two additional defendants without identifying how each is connected to the asserted constitutional claim.

### III. Legal Standards

The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on inmates which has been defined as "the unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is… whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillan, 503 U.S. 1, 7 (1992). The court's inquiry into an excessive force claim focuses on the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson v. McMillan, 503 U.S. 1, 7 (1992) (quotation marks and citations omitted). While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it. Hudson, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency in violation of the Eighth Amendment. Whitley, 475 U.S. at 327.

Under the First Amendment, prisoners have a right to send and receive mail. Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). However, a prison may adopt regulations or practices for inmate mail which limit a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89, (1987). "When a prison regulation affects outgoing mail as opposed to incoming mail, there must be a 'closer fit between the regulation and the purpose it serves.'" Witherow, 52 F.3d at 265 (quoting Thornburgh v. Abbott, 490 U.S. 401, 412 (1989)). Courts have also afforded greater protection to legal mail than non-legal mail. See Thornburgh, 490 U.S. at 413. Isolated incidents of mail interference or tampering will not support a claim under section 1983 for violation of plaintiff's constitutional rights. See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940,

1  944 (10th Cir. 1990); see also Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999) (emphasizing
2  that a temporary delay or isolated incident of delay of mail does not violate a prisoner's First
3  Amendment rights).  Generally, such isolated incidents must be accompanied by evidence of an
4  improper motive on the part of prison officials or result in interference with an inmate's right of
5  access to the courts or counsel in order to rise to the level of a constitutional violation.  See Smith,
6  899 F.2d at 944.

7      A prison official's interference with legal mail may also violate an inmate's right of
8  access to the courts which is protected by the First Amendment's right to petition the government
9  and the due process clause of the Fourteenth Amendment.  See Snyder v. Nolen, 380 F.3d 279,
10 290-291 (7th Cir. 2004) (discussing the development of cases concerning a prisoner's right of
11 access to the courts).  Prison officials may not actively interfere with an inmate's right to litigate.
12 Silva v. Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011), overruled on other grounds by Richey v.
13 Dahne, 807 F.3d 1202, 1209 n. 6 (9th Cir. 2015).  In order to state a claim for the denial of access
14 to the courts, a plaintiff must allege he suffered an actual injury, which is prejudice with respect
15 to contemplated or existing litigation, such as the inability to meet a filing deadline or present a
16 non-frivolous claim.  Lewis v. Casey, 518 U.S. 343, 349 (1996).

17 **IV.   Analysis**

18     The court finds the allegations in plaintiff's second amended complaint so vague and
19 conclusory that it is unable to determine whether the current action is frivolous or fails to state a
20 claim for relief.  Although the Federal Rules adopt a flexible pleading policy, a complaint must
21 give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev.
22 Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of
23 particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because
24 plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended
25 complaint must be dismissed.  The court will, however, grant leave to file a third amended
26 complaint.

27     If plaintiff chooses to file a third amended complaint, plaintiff must demonstrate how the
28 conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or

statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the third amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading or an appendix in order to make plaintiff's third amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a third amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a third amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's second amended complaint is dismissed; and

2.  Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

/////
/////
/////
/////
/////

3. The Clerk of Court is directed to send plaintiff the prisoner civil rights complaint form used in this district.

Dated:  August 13, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/mile1881.14amd(2).new

6