United State District Court
For the Eastern District of
California

No. 2:19-cv-01881

MR. Maurice Niles, SR.  Plaintiff Third
Plaintiff                Civil Complaint for
                         Damages;
V.                       Violation of Procedural
                         and Substantial
Daniel Garland, Et Al.,  Due;:)(Process; 4th
defendants               8th and 14th
                         Amendment:) violations,
                         illegally seizure of
                         property, deliberate
                         indifference,
                         deprivation of a
                         protected right,
                         Liberty interest,
                         Seeks declaratory +
                         Injunctive:) relife,
                         demand for Jury Trial.
                         42 U.S.C. Sections 1983

**FILED**

AUG 31 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
     DEPUTY CLERK

Third amended complaint
42. U.S.C. 1983

## Jurisdiction

This is a civil Rights complaint for violations of the 4th, 8th and 14th Amendment of the United States Constitution, and authorized by "42. U.S.C. 1983 to seek Redress for the Redress of deprivations of Rights Fundamental to personal and Freedoms, and deprivations under color, virtue, and pretense of state Laws, statutes, ordinances, [====] customs or usages, of Rights, Privileges, and/or

(1)

1  immunities secured by the United State
2  Constitution or by Acts of Congress
   providing for equal Rights of citizens
3  within the United States.
4  Jurisdiction is based upon 28 USC §
   1331 and 1343. The court also has pendent
5  jurisdiction over the state law claim,
6  pursuant to 28 USC §§ 1367. Plaintiff seeks
7  declaratory relief. pursuant to 28 USC §§
8  2201 and 2202. The unlawful acts and
   practices alleged Herein, occurred primarily
9  Judicial District, and the Majority of the
10 defendants reside within this district
11 pursuant to 28 USC § 1391(b). Plaintiff
12 Request A [Jury Trial] on these allegations.
   The Eastern District of California is an
13
14 Appropriate Venue. under 28 USC § 1391(b)(2).
   Because it is where the events giving Rise to
15 This claim occurred.
16
17                    Plaintiff
18
19 (1)  Plaintiff # 071594-01 AM1248 is and was
20 at all time mentioned Herein, a prisoner of
   the state of California in the custody of the
21 California Department of Corrections and
22 Rehabilitation. He is currently confined
   in, Atascadero State Hospital (P.O. Box 7001
23
24 10333 El Camino Real, Atascadero, CA 93423-
   7001
25
26                   Defendants
27
28

                    (2)

Defendants

1. (1) D. GARLAND is a correctional officer at New Folsom State Prison/SAC at the ranking level of correctional officer. His duties range from supervision of inmates and/or escorting inmates.
2. Defendant mentioned herein at all times, is being sued in an individual capacity.

7. (2)# C. BASER is a correctional officer at New Folsom State Prison/SAC at the ranking level of correctional officer. His duties range from supervision of inmates and/or escorting inmates.
11. Defendant mentioned herein at all times is being sued in an individual capacity.

13. (3)# G. AGILAR is a correctional officer at New Folsom State Prison/SAC at the ranking level of correctional officer. His duty range from supervision of inmates and/or escorting inmates.
17. Defendant mentioned herein at all times is being sued in an individual capacity.

20. (4)# A. MOORE is a correctional officer at New Folsom State Prison/SAC at the ranking level of correctional officer. His duty range from supervision of inmates and/or unit officer.
23. Defendant mentioned herein at all time is being sued in an individual capacity.

26. (5)# G. COFFMAN is a correctional officer at New Folsom State Prison/SAC at the ranking level of correctional officer. His duty range from supervision of inmate

(3)

1. and/or escorting inmates.
2. Defendant mentioned herein at all time is
3. being sued in an individual capacity
4. (16) Rodreguez is a correctional officer
5. at New Folsom State Prison/SAC at the
6. ranking level of correctional officer
7. His duty range from supervision of inmates
8. and/or unit officer
9. Defendant mentioned herein at all time is
10. being sued in an individual capacity
11. (17) Rubenoff is a Sacramento Sheriff
12. deputy at Sacramento County Jail
13. His duty range from supervision of detainees
14. and/or unit deputy.
15. Each defendant at all time mentioned herein
16. this civil complaint acted under the color
17. of state laws
18. "See" Kentucky v Graham, 105 S.ct 3099, 3105 (1985)
19. [in an official capacity for a governmental
20. entity is liable under section (1983), only when
21. the entity itself is a moving force behind the
22. deprivation in an official capacity suit. The
23. entity [policy] or custom must have played a
24. part in the violation of clearly established
25. federal law (citations omitted).
26. "See" (Hafer v. Melo, 112. ct 358, 365 (1991) state
27. officials sued in their [individual capacity]
28. are persons" within the meaning of sec §§ 1983
29. (Alden v Maine, 199 S.ct 2240, 2267-68 (1999) A
30. suit for money damages, may be prosecuted
31. against a state officer in his individual
32. capacity for unconstitutional or wrongful
33. conduct, fairly attributable to the officer
34. himself, so as the relief sought is not from

(4)

1. THE STATE TREASURY BUT FROM THE OFFICER
2. PERSONALLY. (FORRESTER V. WHITE, 108 S.Ct 538, 545 (1988) (AS OUR OPINIONS HAVE MADE CLEAR,
3. IMMUNITIES ARE GROUNDED IN THE NATURE OF THE FUNCTION PERFORMED NOT THE IDENTITY OF THE
4. ACTOR WHO PERFORMED IT.)
5. SEE "[HAFER V. MELO, 112 S.Ct 358, 365] SUPRA] INDEED WHEN OFFICIALS SUED.. IN THERE/THIS
6. CAPACITY IN FEDERAL COURT, (DIE) OR LEAVE
7. OFFICE. THEIR SUCCESSORS AUTOMATICALLY ASSUME THEIR ROLES IN LITIGATION.
8. 
9. 
10. LEGAL CLAIMS
11. 
12. THE EIGHTH AMENDMENT PROHIBITS PRISON OFFICIALS FROM INFLICTING CRUEL AND UNUSUAL
13. PUNISHMENT ON INMATE MR. MAURICE MILES, SR.
14. ON MAY 17TH 2016 AT NEW FOLSOM STATE PRISON WHICH HAS BEEN DEFINED AS "THE UNNECESSARY
15. AND WANTON INFLICTION OF PAIN. PLAINTIFF DID NOT DESERVE TO BE BEATEN AND SENT TO
16. THE HOSPITAL WITH SERIOUS INJURIES
17. WHITLEY V ALBERS 475 US 312, 319 (1986).
18. NEW FOLSOM STATE PRISON HAS THE RECORD (5) OF THE INCIDENT AND PICTURE OF MY INJURIES.
19. THE SHERIFF ▇▇▇▇ DEPUTY RUBENOFF
20. AT SACRAMENTO COUNTY JAIL ATTACK ME AND SHOT ME WITH TASER GUN. SACRAMENTO
21. HAS THE RECORD OF THIS INCIDENT AT THEIR JAIL. I DON'T REMEMBER THE DATE BUT
22. IT WAS 2019 SEPTEMBER.
23. 
24. (1) WHEREFORE PLAINTIFF RESPECTFULLY
25. REQUEST FOR THE COURTS TO [GRANT] THE
26. FOLLOWING RELIEF.
27. 
28. (5)

1. A declaratory judgement that defendents violated plaintiff's established federal and state constitutional right

(2) Issue a protective order safeguarding plaintiff's legal and personal property and not be retaliated against in no shape form or fashion.

(3) Compensatory damages against defendents, and each of them in their [individual] or in their [individual and] official capacity in the amount of $300,000.

(4) Appoint professional counsel to represent plaintiff in order to protect his right and interest.

(5) Punitive damages against defendents and each of them in their [individual] or in their [individual] and official capacity, in the amount of $500,000

(6) Award plaintiff litigation fees and the cost of this civil action, and and any other and further relief that the court deem proper and just to afford equal and fair justice

Verified complaint

(6)

1
2
3
4    I do declare under the penalty
5    of perjury, that the foregoing is true
6    and correct to the best of my
7    knowledge and as it is I believe it
8    to be true, and correct
9
10   [signature]
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(7)