1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MAURICE MILES, SR.,                        No.  2:19-cv-01881-MCE-CKD P

12                 Plaintiff,

13        v.                                     ORDER

14   DANIEL GARLAND, et al.,

15                 Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights

18   action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local

19   Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Currently pending before the court is plaintiff's third

20   amended complaint filed on or about August 31, 2020.[1]

21        **I.        Screening Requirement**

22        The court is required to screen complaints brought by prisoners seeking relief against a

23   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

26   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

27   _____

28   [1] The prison mailbox rule was not applied to this pleading because plaintiff did not provide the
     date on which it was signed.  See ECF No. 30 at 7.

                                            1

1      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

3  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7  Cir. 1989); Franklin, 745 F.2d at 1227.

8      In order to avoid dismissal for failure to state a claim a complaint must contain more than

9  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

10  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

11  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

12  statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

13  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

14  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

15  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

16  at 678.  When considering whether a complaint states a claim upon which relief can be granted,

17  the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and

18  construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

19  U.S. 232, 236 (1974).

20      **II.      Allegations in Third Amended Complaint**

21      In a cursory complaint, plaintiff identifies seven individual defendants employed at the

22  California State Prison-Sacramento and the Sacramento County Jail.  Plaintiff then spends two

23  sentences identifying his claims for relief against these officers.  First, plaintiff alleges that "he

24  did not deserve to be beaten and sent to the hospital with serious injurys" (sic) on May 17, 2016

25  while an inmate at CSP-Sac.  ECF No. 30 at 5.  Second, plaintiff alleges that defendant Rubenoff

26  attacked him and used a Taser on plaintiff sometime in September 2019 while plaintiff was in

27  custody at the Sacramento County Jail.  Id.  By way of relief, plaintiff seeks declaratory and

28  injunctive relief as well as monetary damages.  Id. at 6.

2

1    **III.    Legal Standards**

2    First and foremost, plaintiff is advised that he may properly assert multiple claims against

3    a single defendant in a civil action.  Fed. Rule Civ. P. 18.  In addition, plaintiff may join multiple

4    defendants in one action where "any right to relief is asserted against them jointly, severally, or in

5    the alternative with respect to or arising out of the same transaction, occurrence, or series of

6    transactions and occurrences" and "any question of law or fact common to all defendants will

7    arise in the action."  Fed. R. Civ. P. 20(a)(2).  However, unrelated claims against different

8    defendants must be pursued in separate lawsuits.  See George v. Smith, 507 F.3d 605, 607 (7th

9    Cir. 2007).  This rule is intended "not only to prevent the sort of morass [a multiple claim,

10   multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—

11   for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any

12   prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  Id.

13   The Eighth Amendment prohibits prison officials from inflicting cruel and unusual

14   punishment on inmates which has been defined as "the unnecessary and wanton infliction of

15   pain."  Whitley v. Albers, 475 U.S. 312, 319 (1986).   "[W]henever prison officials stand accused

16   of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the

17   core judicial inquiry is… whether force was applied in a good-faith effort to maintain or restore

18   discipline, or maliciously and sadistically to cause harm."  Hudson v. McMillan, 503 U.S. 1, 7

19   (1992).  The court's inquiry into an excessive force claim focuses on the extent of the prisoner's

20   injury, the need for application of force, the relationship between that need and the amount of

21   force used, the threat reasonably perceived by the responsible officials, and any efforts made to

22   temper the severity of a forceful response.  Hudson, 503 U.S. at 7 (1992) (quotation marks and

23   citations omitted).  While the absence of a serious injury is relevant to the Eighth Amendment

24   inquiry, it does not end it.  Hudson, 503 U.S. at 7.  The malicious and sadistic use of force to

25   cause harm always violates contemporary standards of decency in violation of the Eighth

26   Amendment.  Whitley, 475 U.S. at 327.

27   The civil rights statute requires that there be an actual connection or link between the

28   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

3

1   Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

2   (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

3   constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

4   in another's affirmative acts or omits to perform an act which he is legally required to do that

5   causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th

6   Cir. 1978) (citation omitted).  In order to state a claim for relief under section 1983, plaintiff must

7   link each named defendant with some affirmative act or omission that demonstrates a violation of

8   plaintiff's federal rights.

9          **IV.    Analysis**

10          The court has reviewed plaintiff's third amended complaint and finds that it fails to state a

11   claim upon which relief can be granted under federal law.  First and foremost, plaintiff has

12   improperly joined multiple claims against multiple defendants in this single action.  The event

13   that occurred at CSP-Sac does not appear related to the incident that occurred years later while

14   plaintiff was incarcerated at the Sacramento County Jail.  Plaintiff must file two separate civil

15   actions if he wishes to pursue both of these claims.   Additionally, the allegations against specific

16   defendants are entirely conclusory in nature and, as such, are insufficient to state a valid cause of

17   action.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Plaintiff does not

18   provide sufficient detail about either incident involving the use of force against him to be able to

19   determine whether he has stated a valid Eighth Amendment claim for relief.  For all these

20   reasons, plaintiff's third amended complaint must be dismissed.  The court will, however, grant

21   leave to file a fourth amended complaint.

22          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

23   complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

24   Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in

25   specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.

26   § 1983 unless there is some affirmative link or connection between a defendant's actions and the

27   claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory

28   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

4

1 | Regents, 673 F.2d 266, 268 (9th Cir. 1982).

2 |       Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

3 | make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

4 | complaint be complete in itself without reference to any prior pleading.  This is because, as a

5 | general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

6 | F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

7 | longer serves any function in the case.  Therefore, in an amended complaint, as in an original

8 | complaint, each claim and the involvement of each defendant must be sufficiently alleged.

9 |       **V.**      **Motion to Dismiss**

10 |       After the Ninth Circuit Court of Appeal dismissed plaintiff's interlocutory appeal, plaintiff

11 | filed a motion to dismiss on December 15, 2020.  ECF No. 36.  Although filed in this court,

12 | plaintiff's motion is directed at dismissing the criminal charges against him in the Sacramento

13 | County Superior Court.  ECF No. 36.  Plaintiff's § 1983 complaint does not authorize this court

14 | to dismiss pending criminal charges against plaintiff in state court.  Accordingly, plaintiff's

15 | motion to dismiss is denied.

16 |       **VI.**      **Plain Language Summary for Pro Se Party**

17 |       The following information is meant to explain this order in plain English and is not

18 | intended as legal advice.

19 |       The third amended complaint is being dismissed because it fails to state any cognizable

20 | claim for relief against any of the named defendants.  You are being given the chance to fix the

21 | problems identified in this order.  If you choose to file a fourth amended complaint, pay careful

22 | attention to the legal standards explained in this order.

23 |       In accordance with the above, IT IS HEREBY ORDERED that:

24 |       1.  Plaintiff's motion to dismiss (ECF No. 36) is denied for the reasons indicated herein.

25 |       2.  Plaintiff's third amended complaint (ECF No. 30) is dismissed.

26 |       3.  Plaintiff is granted thirty days from the date of service of this order to file a fourth

27 | amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

28 | of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the

docket number assigned this case and must be labeled "Fourth Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  January 13, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/mile1881.14am.new(3).docx