UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE MILES, SR., | No. 2:19-cv-01881-MCE-CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DANIEL GARLAND, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this federal civil rights action filed pursuant to 42 U.S.C. § 1983. Currently pending before the court is defendants' motion to revoke plaintiff's in forma pauperis status on the ground that the dismissals of at least three prior actions filed by plaintiff qualify as "strikes" against him pursuant to 28 U.S.C. § 1915(g). ECF No. 61. Plaintiff was sua sponte granted an extension of time to file an opposition to the motion, but failed to do so. ECF No. 65. The time to file an opposition has expired. Therefore, the matter is deemed submitted. For the reasons outlined below, the court recommends denying defendants' motion to revoke plaintiff's IFP status.

**I.      Factual and Procedural Background**

Plaintiff commenced this action by filing a complaint on September 11, 2019.[1] At that

---

[1] The constructive filing date is determined by using the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988).

1

time, plaintiff was incarcerated at the Sacramento County Main Jail. ECF No. 1 at 1. This court granted plaintiff's motion to proceed in forma pauperis on April 1, 2020. See ECF Nos. 21, 22.

On July 13, 2021, defendants filed a motion to revoke plaintiff's IFP status based on five prior actions or appeals that defendants assert were dismissed as frivolous, malicious, or failed to state a claim upon which relief could be granted. ECF No. 61; see also 28 U.S.C. § 1915(g). Pursuant to Rule 201 of the Federal Rules of Evidence, defendants request that the court take judicial notice of the court records from plaintiff's prior cases that are attached as exhibits. ECF No. 61-2. They further contend that plaintiff was not under imminent danger of serious physical injury at the time that he filed the complaint to warrant continuing plaintiff's IFP status under 28 U.S.C. § 1915(g). ECF No. 61-1 at 7-8. As part of the requested relief, defendants ask the court to stay the filing of their responsive pleading until the pending motion is adjudicated.

**II.     Legal Standards**

28 U.S.C. § 1915(g) sets forth what is known as the "three strikes" rule. Under this rule, a prisoner who has previously brought three or more lawsuits in a court of the United States that were dismissed on the grounds that they were "frivolous, malicious, or fail to state a claim upon which relief may be granted" may not proceed in forma pauperis in the current litigation unless that prisoner "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In defining "frivolous," the Ninth Circuit Court of Appeal has concluded that a claim is frivolous when it lacks any "basis in law or fact" or is "of little weight or importance." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (citations omitted). A claim is "malicious" when it is "filed with the intention or desire to harm another." Id. Failing to state a claim has been interpreted to be equivalent to a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Moore v. Maricopa Cnty. Sheriff's Office, 657 F.3d 890, 893 (9th Cir. 2011) (citations omitted). Furthermore, a district court is not required to announce in an order that its dismissal constitutes a strike under Section 1915(g) for that dismissal to later count as a strike. See Andrews, 398 F.3d at 1119 n. 8.

When reviewing whether a prior dismissal counts as a strike, the court "should look to the substance of the dismissed lawsuit, and not to how the district court labelled or styled the

2

dismissal." Harris v. Harris, 935 F.3d 670, 673 (9th Cir. 2019) (internal quotations marks and citation omitted). To count as a strike for purposes of § 1915(g), a case must be dismissed in its entirety as frivolous, malicious or for failure to state a claim. Id. at 674.

In moving to revoke the plaintiff's in forma pauperis status, the defendant bears the initial burden of producing evidence showing that at least three of plaintiff's previous actions have been dismissed by a federal court for one or more of the above reasons. Andrews v. King, 398 F.3d at 1121. If the defendant meets this showing, then the burden shifts to the plaintiff to prove that the dismissed actions do not qualify as "strikes" within the meaning of 28 U.S.C. § 1915(g). Andrews, 398 F.3d at 1121. A prisoner's IFP status should be revoked pursuant to 28 U.S.C. § 1915(g) "only when, after careful evaluation of the order dismissing [each] action, and other relevant information, the district court determines that [each] action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).

### III. Analysis

#### A. Prior Civil Actions or Appeals[2]

1. Miles v. Cox et al., Case No. 1:14-cv-01683 (E.D. Cal.)

In this civil action, plaintiff sued two correctional counselors and the warden at Kern Valley State Prison "for damages and the expungement of a false record from his prison central file" that was originally issued in 2001. See ECF No. 61-2 at 11. On April 25, 2015, the magistrate judge assigned this case dismissed it "with prejudice for failure to state a claim under section 1983. This dismissal is subject to the 'three-strikes' provision set forth in 28 U.S.C. § 1915(g)." ECF No. 61-2 at 13 (citation omitted).

This case was dismissed by a magistrate judge for failing to state a claim upon which

---

[2] The court grants defendants' request for judicial notice of these matters of public record, including publicly accessible court dockets and documents available through the Public Access to Court Electronic Records ("PACER") system. See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n. 2 (9th Cir. 2002) (stating that "we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue[.]") (internal quotation omitted).

relief may be granted. However, only plaintiff had consented to proceed before the magistrate judge and the case was dismissed before service of process on any defendant. See ECF No. 5 in Case No. 1:14-cv-01683 (E.D. Cal.). The Ninth Circuit has recently held that, although there is no longer a "dispute that a magistrate judge lacks the authority to dismiss a case unless all parties have consented to proceed before the magistrate judge," a prisoner plaintiff "cannot escape" the 28 U.S.C. § 1915(g) consequences of such a dismissal "through an untimely collateral attack." Hoffman v. Pulido, 928 F.3d 1147, 1149 (9th Cir. 2019) (citing Williams v. King, 875 F.3d 500, 504-05 (9th Cir. 2017)). Thus, even though this case was dismissed by a magistrate judge, its dismissal still constitutes a strike under 28 U.S.C. § 1915(g).

2. Miles v. Cox, et al., Appeal No. 15-15960 (9th Cir.)

In this appeal from the district court's dismissal with prejudice of his complaint, the Ninth Circuit denied plaintiff's motion to proceed IFP after concluding that the appeal was frivolous in nature. See ECF No. 61-2 at 22-23. After plaintiff failed to pay the filing fees for the appeal, the case was dismissed on August 28, 2015. See ECF No. 61-2 at 25.

In El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2013), the court of appeal emphasized that "a denial of IFP status may be strike-worthy. But that does not mean that all dismissals predicated on denials of IFP status are strikes; to constitute a strike, the denial of IFP status must be based on one of the enumerated grounds in the statute." In plaintiff's appeal, the Ninth Circuit specifically predicated its IFP denial on its finding that the appeal was frivolous. ECF No. 61-2 at 22. Furthermore, an appeal may count as a strike pursuant to Section 1915(g) when the appellate court denies a prisoner IFP status on appeal on grounds of frivolousness "even though [the appellate court] did not dismiss the appeal until later when the [appellant] did not pay the filing fee." Richey v. Dahne, 807 F.3d 1202, 1208 (9th Cir. 2015). Defendants have met their burden of establishing that Appeal Number 15-15960 counts as a strike. See Andrews I, 398 F.3d at 1120.

3. Miles v. Kern Valley State Prison Employee Officials et al., Case No. 2:15-cv-06101 (C.D. Cal.)

In this civil action, plaintiff incorrectly filled out his request to proceed without

4

1    prepayment of the filing fees.³  See ECF No. 61-2 at 31.  As a result, the magistrate judge
2    recommended denying his in forma pauperis application because he "checked off all the boxes on
3    the Declaration form, indicating that he is both able and not able to pay the costs of proceeding
4    with his action."  ECF No. 61-2 at 31.  Notably, in making this recommendation, the magistrate
5    judge did not check the box indicating that the action was "[f]rivolous, malicious, or fails to state
6    a claim upon which relief may be granted" or that the "denial may constitute a strike under the
7    'Three Strikes' provision governing the filing of prisoner suits."  ECF No. 61-2 at 31.  The
8    district court judge denied plaintiff's IFP request and dismissed the case on September 9, 2015.
9    Id.  In this case, the district court did not give plaintiff the opportunity to re-submit the IFP
10   application and it denied his subsequent motion for reconsideration.  See ECF No. 62-1 at 31, 33-
11   35.
12         A district court's denial of IFP status may constitute a strike when such status is denied
13   because the claims in the complaint are "'frivolous, malicious, or fails to state a claim upon which
14   relief may be granted.'"  O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (quoting 28 U.S.C.
15   § 1915(g) ).  In this case, it is clear to the court that denying plaintiff's IFP application was due to
16   his failure to complete the form correctly and not in any way connected to the merits of his
17   claims.  Therefore, the undersigned finds that this case does not constitute a strike under 28
18   U.S.C. § 1915(g).
19              4.    Miles v. Cdcd Corporation and its Employee Officials, et al., (Case No. 2:15-
20                    cv-09098 (C.D. Cal.)
21         In this civil action, plaintiff once again failed to properly complete his IFP application.⁴
22   See ECF No. 61-2 at 38, 40.  The magistrate judge recommended denying plaintiff's IFP request

---

³ The court takes judicial notice of plaintiff's address at the time of filing this civil action.  The docket sheet indicates that plaintiff's mailing address was at Atascadero State Hospital Unit.  ECF No. 61-2 at 27.  Therefore, it is not entirely clear from the records of this proceeding that plaintiff was a "prisoner" at the time of filing.  See Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000) (holding that a civilly committed sexually violent predator is not a "prisoner" within the meaning of the Prison Litigation Reform Act ("PLRA")).

⁴ Once again, the docket sheet indicates that plaintiff's mailing address was at Atascadero State Hospital Unit.  ECF No. 61-2 at 37.  Therefore, it is not entirely clear from the records of this proceeding that plaintiff was a "prisoner" at the time of filing.

for failing to authorize disbursements from his prison trust account as well as for failing to provide a certified copy of his trust fund statement for the 6 months preceding the filing date. ECF No. 61-2 at 40.  The court also noted that venue was not proper since plaintiff's claims were "against employees of California prisons located in the Eastern District of California."  ECF No. 61-2 at 40.  Rather than transfer the case to the correct venue, the district court judge denied plaintiff's IFP application and dismissed the case.  Id.

In this case there is no indication in the record that the court's denial of IFP status was based on any finding that the claims in the complaint were "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted."  Nor does the court's finding of improper venue fall within one of the § 1915(g) categories.  For these reasons, the undersigned does not find that this case constitutes a strike.  See O'Neal, 531 F.3d at 1153.

          5.    Miles v. Nielson, et al., Case No. 2:13-cv-02073 (C.D. Cal.)

In this civil action, plaintiff sued two Los Angeles police officers in their individual as well as official capacities for falsely accusing him of criminal charges that he never committed and for unlawfully shooting at him in the course of his arrest.[5]  ECF No. 61-2 at 46-51 (complaint).  The complaint also named a deputy district attorney as an additional defendant. ECF No. 61-2 at 42-43 (docket sheet). The magistrate judge recommended denying plaintiff's IFP application on multiple grounds.  ECF No. 61-2 at 45.  First, the magistrate noted several deficiencies with plaintiff's IFP request which included an "inadequate showing of indigency, [a] failure to authorize disbursements from prison trust account…, [and a] failure to provide [a] certified copy of [his] trust fund statement for the last six (6) months."  ECF No. 61-2 at 45.  With respect to the claims and defendants, the magistrate judge found that "[n]o cognizable official capacity claim is stated" and that the complaint requested "monetary relief from a defendant immune from such relief (defendant Deputy District Attorney Moore)."  Id.  On March 25, 2013, the district court judge formally denied plaintiff's IFP application and the case was closed.  Id.

---

[5] While the docket sheet for this case indicates that plaintiff's mailing address was at Atascadero State Hospital Unit, at the time of filing the complaint, plaintiff indicated that he was in custody at Wasco State Prison.  Compare ECF No. 61-2 at 42 with ECF No. 61-2 at 46, 52-53.

For this particular case, the district court's denial of IFP was connected to the claims raised in plaintiff's complaint.  The dismissal was based on a finding that the official capacity claims against the police officers were not cognizable and that defendant Moore was immune from suit.  However, the district court's order did not address the individual capacity claims against the police officers.  A case must be dismissed in its entirety as frivolous, malicious, or for failure to state a claim in order to constitute a strike.  See Harris, 935 F.3d at 673.  Defendants have not met their burden of demonstrating that this entire action was dismissed as "frivolous, malicious, or [the] fail[ure] to state a claim upon which relief may be granted."  See 28 U.S.C. § 1915(g); see also Andrews v. King, 398 F.3d at 1120.  Therefore, the undersigned does not find that this action constitutes a strike.  This conclusion is supported by the district court's dismissal order itself which did not check the boxes for finding that the complaint was "frivolous, malicious or fails to state a claim" or that the "denial may constitute a strike under the 'Three Strikes' provision governing the filing of prisoner suits.

In this case, defendants have not met their burden of demonstrating that at least three of plaintiff's prior actions constitute strikes pursuant to 28 U.S.C. § 1915(g).  See Andrews, 398 F.3d at 1121.  Therefore, plaintiff's failure to respond to the motion is of no significance because the burden has not shifted to him to prove that such actions are not strikes.  Id.  For all these reasons, the undersigned recommends denying defendants' motion to revoke plaintiff's in forma pauperis status.

**IV.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing all the documents submitted, the magistrate judge concluded that only two of your prior civil actions or appeals constitute "strikes" under 28 U.S.C. § 1915(g).  Since this is not sufficient to revoke your in forma pauperis status, the undersigned recommends denying defendants' motion.

If you disagree with this recommendation, you have 14 days to explain why it is the wrong result.  Label your explanation as "Objections to Magistrate Judge's Findings and

Recommendations." The district judge assigned to your case will review any objections filed and make the final decision in your case.

Accordingly, IT IS HEREBY ORDERED that the filing of a responsive pleading by defendants is stayed until the motion to revoke plaintiff's in forma pauperis status is adjudicated.

IT IS FURTHER RECOMMENDED that:

1. Defendants' Motion to Revoke Plaintiff's In Forma Pauperis Status (ECF No. 61) be denied.

2. Defendants be ordered to file an answer to plaintiff's fourth amended complaint within 30 days from the date of the district judge's decision related to these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 16, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/mile1881.revokeIFP.no.opp.docx