UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE MILES, SR., | No. 2:19-cv-01881-MCE-CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| DANIEL GARLAND, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this federal civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.      Factual and Procedural History**

By order dated December 8, 2021, the court dismissed this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based on plaintiff's failure to prosecute. ECF No. 68. Judgment was entered the same day. ECF No. 69.

Over six months later, on July 13, 2022, plaintiff filed a motion to reopen his case.[1] ECF No. 73. The undersigned issued an order on August 12, 2022 denying plaintiff's motion. ECF No. 74.

---

[1] The filing date of plaintiff's pleadings are calculated using the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988).

1

Plaintiff filed a notice of appeal on October 5, 2022 seeking to reopen his case in order to have it heard on the merits. ECF No. 76. The Ninth Circuit Court of Appeal vacated this court's post-judgment order denying plaintiff's motion to re-open because not all the parties consented to the magistrate judge's jurisdiction. ECF No. 81 (citing Williams v. King, 875 F.3d 500, 503-04 (9th Cir. 2017)). Pursuant to the Ninth Circuit remand, this case was reopened for further proceedings.

## II.     Post Judgment Motion

In his motion, plaintiff focuses on his 2011 criminal prosecution in Los Angeles County. ECF No. 73. Plaintiff contends that he was falsely charged and convicted based on the use of perjured testimony and false evidence. ECF No. 73. The court construes plaintiff's motion as a Rule 60(b) motion for relief from the judgment in this case. ECF No. 73.

## III.    Legal Standards

A district court may reconsider a ruling under either Federal Rule of Civil Procedure 59(e) or 60(b). See Sch. Dist. Number. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Id. at 1263.

The legal grounds for setting aside a judgment pursuant to Rule 60(b) include "mistake, inadvertence, surprise, or excusable neglect"; newly discovered evidence, or fraud. Fed. R. Civ. P. 60(b)(1)-(3). A judgment may also be set aside if it is void or has been satisfied. Fed. R. Civ. P. 60(b)(4),(5). A Rule 60(b) motion must be made "with a reasonable time-and for reasons (1), (2), and (3) no more than a year after the entry of the judgment…." Fed. R. Civ. P. 60(c)(1).

## IV.     Analysis

Plaintiff does not present newly discovered evidence suggesting this matter should not be dismissed based on his failure to prosecute this case. Furthermore, the court finds that, after a de novo review of this case, plaintiff's motion for reconsideration pursuant to Rule 60(b) should be denied. The court has reviewed plaintiff's motion and finds that it does not establish any mistake, newly discovered evidence, or fraud that relates to this civil rights action. This case concerned

1   Eighth Amendment excessive force claims against six correctional officers at California State
2   Prison-Sacramento.  ECF No. 43.  Events related to plaintiff's 2011 criminal prosecution and
3   conviction are not relevant to this civil rights action.  Therefore, plaintiff has not met his burden
4   of establishing the availability of Rule 60(b) relief.

5         Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for transcripts (ECF No.
6   83) is denied as moot since there were no court hearings conducted in this case to transcribe.

7         IT IS FURTHER RECOMMENDED that plaintiff's motion to reopen his case (ECF No.
8   73) be denied.

9         These findings and recommendations are submitted to the United States District Judge
10  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
11  after being served with these findings and recommendations, any party may file written
12  objections with the court and serve a copy on all parties.  Such a document should be captioned
13  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
14  objections shall be served and filed within fourteen days after service of the objections.  The
15  parties are advised that failure to file objections within the specified time may waive the right to
16  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

17  Dated:  January 24, 2023

18  _____
    CAROLYN K. DELANEY
19  UNITED STATES MAGISTRATE JUDGE

26  12/mile1881.60(b).docx